IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBY TYRISE CLEMONS, #R1532                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO.  3:23-cv-325-HTW-LGI

STATE OF MISSISSIPPI and BURL CAIN                                                    DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND MOTION FOR INJUNCTIVE RELIEF [13]

BEFORE THE COURT is Plaintiff's Motion for a Temporary Restraining Order and Motion for Injunctive Relief.  Upon review of Plaintiff's Motion in conjunction with the applicable law, the Court concludes that Plaintiff's Motion should be fully denied.[1]

Plaintiff is presently incarcerated by the Mississippi Department of Corrections, and he filed this pro se Complaint under 42 U.S.C. § 1983.  The Court granted Plaintiff's request to proceed *in forma pauperis* and screened his Complaint as required by the Prison Litigation Reform Act.  On November 16, 2023, the Court *sua sponte* dismissed Plaintiff's claims as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and denied Plaintiff's request for mandamus relief.  *See* J. [12]; Order [11].  This civil action was closed on November 16, 2023.

Plaintiff dates his Motion [13] as signed on November 12, 2023, and it was filed on the court docket on November 20.  The mailbox rule applies to a prisoner's filings, meaning Plaintiff's Motion was possibly submitted to prison authorities for mailing, and thus considered filed, prior to the dismissal of this case on November 16.  *See Cooper v. Brookshire*, 70 F.3d

---

[1] The Court notes that the Magistrate Judge already denied the portions of Plaintiff's motion requesting a hearing and appointment of counsel.  *See* Orders [15],[16].

377, 379 (5th Cir. 1995). The Court finds Plaintiff's Motion is moot because this case is closed, but the Court will also consider the Motion as if it was filed prior to the dismissal of this case.

In his Motion, Plaintiff repeats the claims from his Complaint, seeks a ruling in his favor, and he seeks a temporary restraining order and injunction to prevent possible retaliation for filing this lawsuit. Plaintiff's Motion seeks relief that would exceed the 14-day limit of a temporary restraining order; thus his Motion is in effect a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004). In order to receive a preliminary injunction, Plaintiff must demonstrate:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation omitted).

Plaintiff clearly cannot demonstrate a substantial likelihood of success on the merits for the reasons set forth in the Order [11] dismissing this case as frivolous and for failure to state a claim. Plaintiff fails to meet the factors warranting a temporary restraining order or injunctive relief and his Motion [13] seeking both is DENIED.

SO ORDERED AND ADJUDGED, this the 15th day of February, 2024.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE